# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| MICKIE D. HAYWARD, | CASE NO. 13cv2236 DMS (JMA) |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| vs. | |
| BANK OF AMERICA, N.A., et al., | **[Docket No. 5]** |
| Defendants. | |

This case comes before the Court on Defendant's motion to dismiss Plaintiff's Complaint. Plaintiff filed an opposition to the motion,[1] and Defendant filed a reply. For the reasons discussed below, the Court grants in part and denies in part Defendant's motion.

## I.

## BACKGROUND

On or about May 18, 2005, Plaintiff obtained a mortgage from Defendant Bank of America ("BofA") relating to the real property located at 4276 Landis Street in San Diego, California. According to Plaintiff, BofA was the lender and servicer of the loan. (Compl. ¶¶ 21-22.)

PRLAP, Inc. was the trustee under the Deed of Trust. (Compl., Ex. 2 at 2.) On October 26, 2011, BofA executed a Substitution of Trustee substituting Recontrust Company, N.A. as the Trustee. (Def.'s Request for Judicial Notice, Ex. A.) The following day, Recontrust filed a Notice of Default

/ / /

---

[1] Plaintiff's opposition was accepted for filing despite being untimely and beyond the page limits. *See* Civil Local Rules 7.1.e.2, 7.1.h. Plaintiff is reminded of her obligation to comply with the Court's Local Rules in any future filings.

- 1 - 13cv2236

1  against Plaintiff's property, along with a declaration pursuant to California Civil Code § 2923.5.
2  (Def.'s Request for Judicial Notice, Ex. B.)

3  On February 1, 2012, Recontrust Company filed a Notice of Trustee's Sale of Plaintiff's
4  property, scheduling the sale for February 24, 2012. (Def.'s Request for Judicial Notice, Ex. C.)
5  Thereafter, Plaintiff obtained a home equity line of credit ("HELOC") from BofA secured by the
6  property. (Def.'s Request for Judicial Notice, Ex. E.) The Deed of Trust for the HELOC lists
7  Equitable Deed Company as the Trustee. (*Id.*) BofA thereafter executed a Substitution of Trustee
8  substituting Recontrust as the Trustee. (Compl., Ex. 4.)

9  On February 13, 2013, Recontrust Company filed another Notice of Trustee's Sale of
10 Plaintiff's property, scheduling the sale for March 8, 2013. (Compl., Ex. 5.) A third Notice of
11 Trustee's Sale was filed on September 17, 2013. (Def.'s Request for Judicial Notice, Ex. D.)

12 The following day, Plaintiff filed the present case. Although the caption lists eight claims for
13 relief, they do not correspond with the claims in the body of the Complaint. Those claims are as
14 follows: (1) quiet title,[2] (2) false and misleading representation in violation of 15 U.S.C. § 1692(e),[3]
15 (3) violation of the False Claims Act ("FCA"), (4) slander of title, (5) cancellation of instruments, (6)
16 promissory estoppel, (7) negligence, (8) violation of the Rosenthal Fair Debt Collection Practices Act
17 ("RFDCPA"), (9) violation of California Business and Professions Code § 17200 ("the UCL") and
18 (10) declaratory relief. In response to the Complaint, Defendant filed the present motion.

## II.

## DISCUSSION

21 Defendant moves to dismiss the Complaint in its entirety.

22 **A.  Standard of Review**

23 In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544
24 (2007), the Supreme Court established a more stringent standard of review for 12(b)(6) motions. To
25 survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual

---

[2] Plaintiff's fifth claim for relief is also for quiet title. The Court will treat these two claims as one for quiet title.

[3] Plaintiff's fourth claim for relief also relies on this statute. The Court will treat these two claims as one for violation of the Fair Debt Collection Practices Act ("FDCPA").

1  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678
2  (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual
3  content that allows the court to draw the reasonable inference that the defendant is liable for the
4  misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 680. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 681.

**A.    Quiet Title**

In her first and fifth claims for relief, Plaintiff seeks to quiet title to the property. Defendant raises several arguments in support of dismissal of this claim. One of those arguments, that Plaintiff failed to tender, is dispositive. *See Shimpones v. Stickney*, 219 Cal. 637, 649 (1934) ("It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured."). Accordingly, the Court grants Defendant's motion to dismiss this claim.

**B.    FDCPA**

Plaintiff's second and fourth claims allege Defendant violated the FDCPA. Defendant moves to dismiss this claim on the ground Plaintiff has failed to allege it is a debt collector under the statute. The Court agrees that Plaintiff has failed to so allege. Therefore, the Court grants Defendant's motion to dismiss this claim.[4]

**C.    FCA**

Plaintiff's third claim alleges Defendant violated the FCA. Although Plaintiff cites the statute correctly as 31 U.S.C. § 3729, she fails to identify which particular section of the statute she is relying on to support her claim. She also fails to allege that she has satisfied the requirements to bring a civil

///

---

[4] The Court grants Defendant's motion to dismiss Plaintiff's tenth claim for violation of the RFDCPA for the same reason.

action under this statute. *See* 31 U.S.C. § 3730(b). Accordingly, the Court grants Defendant's motion to dismiss this claim.

**D.     Slander of Title**

Plaintiff's sixth claim is for slander of title. Specifically, Plaintiff alleges Defendant slandered Plaintiff's title to the subject property by recording the Notice of Default, Substitutions of Trustee, Assignment of the Deed of Trust and Notices of Trustee Sale when it had no interest in the property. Defendant argues this claim should be dismissed because Plaintiff cannot prove its elements.

The elements of a claim for slander of title are: (1) publication, (2) absence of justification, (3) falsity, and (4) direct pecuniary loss. *Seeley v. Seymour*, 190 Cal. App. 3d 844, 858 (1987). Defendant argues Plaintiff cannot prove the second and third elements of the claim, therefore the claim should be dismissed. In support of this argument, Defendant submitted certain documents, and asks the Court to take judicial notice of them. (*See* Def.'s Request for Judicial Notice in Supp. of Mot.) The Court grants Defendant's request, *see Ramirez v. J.P. Morgan Chase Bank, N.A.*, No. 1:13-CV-352 AWI GSA, 2013 WL 2474619, at *1 n.1 (E.D. Cal. June 7, 2013) (taking judicial notice of documents filed with County Recorder's Office), and finds those documents refute Plaintiff's allegation that Defendant had no interest in the subject property. Because these documents defeat Plaintiff's allegation of falsity, the Court grants Defendant's motion to dismiss this claim.

**E.     Cancellation of Instruments**

Plaintiff's seventh claim seeks to cancel the Substitution of Trustee, Notice of Default, Assignment of the Deed of Trust and the Notices of Trustee Sale.[5] Plaintiff seeks to cancel these instruments on the ground of fraud, (Compl. ¶ 67), but she fails to support that theory with the specific facts required by Federal Rule of Civil Procedure 9(b).[6] Accordingly, the Court grants Defendant's motion to dismiss this claim.

/ / /

---

[5] Plaintiff also seeks to cancel a Trustee's Deed Upon Sale, but she fails to allege that the property has been sold and fails to provide a copy of such a Deed. Accordingly, the Court will not further address this allegation.

[6] Defendant does not raise this specific argument in its motion to dismiss, but does argue generally that Plaintiff has failed to allege the elements of this claim.

- 4 -                                                                   13cv2236

**F.     Promissory Estoppel**

Plaintiff's eighth claim alleges promissory estoppel. "The elements of promissory estoppel are (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages 'measured by the extent of the obligation assumed and not performed.'" *Moncada v. West Coast Quartz Corp.*, ___ Cal. Rptr. 3d ___, 2013 WL 6154526, at *6 (2013) (quoting *Toscano v. Greene Music*, 124 Cal. App. 4th 685, 692 (2004)). Defendant argues Plaintiff has failed to plead any of these elements, therefore this claim should be dismissed. The Court agrees. (*See* Compl. ¶¶ 69-73.) Accordingly, the Court grants Defendant's motion to dismiss this claim.

**G.     Negligence**

Plaintiff's ninth claim is for negligence. Defendant argues this claim must be dismissed because Plaintiff has failed to plead the necessary elements of the claim. It also asserts it had no duty to Plaintiff, therefore the claim fails as a matter of law. Defendant is correct that as the lender and servicer on Plaintiff's loan, it had no duties to Plaintiff outside the loan and servicing agreements. *Castaneda v. Saxon Mortgage Services, Inc.*, 687 F.Supp.2d 1191, 1198 (E.D. Cal. 2009). Absent any such duties, the Court grants Defendant's motion to dismiss this claim.

**H.     The UCL**

Plaintiff's tenth claim alleges Defendant has violated the UCL. Defendant argues this claim should be dismissed because Plaintiff failed to allege she has statutory standing and failed to allege any wrongful conduct.

    1.     <u>Standing</u>

California Business and Professions Code § 17204 sets out the statutory standing requirements for UCL claims. It states that individual claims may only be brought by "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. Defendant asserts Plaintiff has failed to allege either of these elements, but the Court disagrees. (*See* Compl. ¶ 93.) Accordingly, this argument does not warrant dismissal of Plaintiff's claim.

/ / /

/ / /

### 2. Wrongful Conduct

Defendant also moves to dismiss this claim on the ground Plaintiff has failed to allege any wrongful conduct. To the extent Plaintiff relies on the "fraudulent" prong, the Court agrees that Plaintiff has failed to set forth sufficient facts to support that theory. However, the Court disagrees that Plaintiff has failed to set forth any facts supporting the unlawful or unfair prongs. Accordingly, the Court declines to dismiss these theories of Plaintiff's UCL claim.[7]

## III.

## CONCLUSION AND ORDER

For these reasons, the Court grants in part and denies in part Defendant's motion to dismiss. Specifically, the Court grants Defendant's motion to dismiss Plaintiff's first through tenth claims, and denies Defendant's motion to dismiss Plaintiff's eleventh and twelfth claims. The Court grants Plaintiff leave to file a First Amended Complaint that cures the pleading deficiencies set out above. Plaintiff is cautioned that if her First Amended Complaint does not cure the deficiencies set out above, her case will be dismissed with prejudice and without leave to amend. The First Amended Complaint shall be filed on or before December 20, 2013. Defense counsel is directed to contact the chambers of Magistrate Judge Adler to schedule an Early Neutral Evaluation Conference to occur as soon as possible. Judge Adler shall set all dates, including a trial date, at that Conference.

**IT IS SO ORDERED**.

DATED: December 11, 2013

_____
HON. DANA M. SABRAW
United States District Judge

---

[7] Because the Court denies Defendant's motion to dismiss Plaintiff's UCL claim, the Court also denies Defendant's motion to dismiss Plaintiff's claim for declaratory relief.